## MEAD v. HOGUE.

PROMISSORY NOTE: INDORSEMENT: EVIDENCE: PLEADING.

*Appeal from Pottawattamie Circuit Court.*

THURSDAY, DECEMBER 5.

PLAINTIFF brought suit against Perry, the maker, and E. Hogue and M. J. Mead, indorsers, of a note for one hundred and forty-four dollars, payable to the order of M. J. Mead. Perry, the maker, and M. J. Mead, the payee and indorser, made default and judgment was rendered against them. The defendant Hogue answered, admitting that he made the indorsement, and that he delivered the note to the plaintiff before maturity, and alleging in substance that he became the owner of the note from M. J. Mead before maturity, and indorsed it for collection and for no other purpose, and caused it to be transmitted to a bank in Avoca for collection; that while the note was in the bank for collection, and before maturity, the defendant effected an exchange of the note in suit for one which plaintiff had against one Brooke, and it was then verbally agreed that Hogue should not be liable upon his previous indorsement, and that the plaintiff should look for payment to the maker, Perry, and the indorser, Mead, alone.

No reply was filed to the answer. The cause was tried by a jury, and a verdict was rendered for the plaintiff. The motion for a new trial was overruled, and judgment was entered upon the verdict. The defendant appeals.

*John H. Keatly*, for appellant.

*John Ledwich* and *Mayne & Key*, for appellee.

DAY, J.—I. The giving of the second instruction is assigned as error. No exception was taken to the instruction when it was given, nor was any objection made to it in the motion for new trial. We cannot, therefore, consider this assignment.

II. Thomas S. Brooke, who was present when the exchange between plaintiff and defendant was made, among other things testified as follows: "I understood it as an exchange of notes; that he took the Perry note in exchange for my note. I understood he took the Perry note on his own responsibility." Plaintiff objected to this testimony as incompetent, and the court excluded it. This action of the court is assigned as error. The action was correct. The witness should have testified to facts, and allowed the inferences to be drawn by the jury.

III. · It is claimed that the court erred in submitting the question of the agreement between plaintiff and defendant to the jury, because the same was not put in issue by a reply. No exception was taken to this action of the court. Besides, no reply was necessary to this answer. Code, § 2665.

IV. The only remaining error assigned is that the court erred in overruling the motion for a new trial. The only point in that not already

considered is that the verdict is contrary to the evidence. The evidence is conflicting and pretty evenly balanced. Were it much less so we could not disturb the verdict.

AFFIRMED.